**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**KENNETH L. WALLER
ADC #103829**                                                                                          **PLAINTIFF**

**V.**                                      **NO. 1:13CV00005-SWW-BD**

**JOHN MAPLES, JR.** *et al.*                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    Background:**

Plaintiff Kenneth L. Waller, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, he alleged numerous constitutional and policy violations by ADC officers. Because Mr. Waller included a number of unrelated claims, however, he was instructed to file an amended complaint containing only one constitutional claim. (#6) Mr. Waller then filed an amended complaint stating a retaliation claim against Defendants Maples and Garcia. (#7) The Court dismissed all claims except the retaliation claims. (#20)

Defendants Maples and Garcia have now moved for summary judgment on Mr. Waller's claims against them. (#37) They argue that they are protected by sovereign immunity for Mr. Waller's claims for monetary damages against them in their official capacities; that they are entitled to qualified immunity on Mr. Waller's claims against them in their individual capacities; and that Mr. Waller has failed to state a constitutional violation as a matter of law. Mr. Waller has responded to the Defendants' motion. (#46, #47, #48).

Based on the evidence presented, the Court recommends that the motion (#37) be GRANTED.[1]

### III.   Discussion:

A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving party must first present evidence that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.   Sovereign Immunity

Mr. Waller's claims for money damages from the Defendants in their official capacities are barred by sovereign immunity.  A civil litigant cannot recover money

---

[1] Because the Court finds that Mr. Waller's claims fail as a matter of law, the Court will not address the Defendants' qualified immunity argument in this recommendation.

damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against the Defendants must be dismissed.[2]

C. Retaliation

Mr. Waller claims that Defendant Garcia issued him a disciplinary violation on June 23, 2011, in retaliation for his having filed a complaint against another ADC officer. The parties, however, provide varying accounts of the underlying events.

According to Defendant Garcia, on June 22, 2012, Deputy Warden Joe Page instructed Defendant Garcia to have Mr. Waller provide a statement regarding his allegation that there was no supervision in segregation on June 21, 2011, between 4:30 and 6:00 pm. (#39-1 at p.2) Accordingly, Defendant Garcia obtained a signed and notarized affidavit from Mr. Waller, in which Mr. Waller stated that there was no officer (including Corporal Ryan Hennessey) on post in segregation housing five on the date and time at issue. (#39-1 at p.2; #39-2 at p.4)

As part of his investigation, Defendant Garcia downloaded the video footage from that time period and location. He documented that there was an ADC officer in and out of segregation housing five approximately 22 times. (#39-1 at p.2) The video footage

---

[2] The Court notes that in his response to the Defendants' summary judgment motion, Mr. Waller states that "this is a suit for injunctive relief." (#46 at p.2) In his amended complaint, however, Mr. Waller seeks both compensatory and punitive damages. (#7 at p.11)

also showed two full security-check rounds conducted by Sergeant Roger Tims and revealed that there were several ADC officers present in segregation housing five during the time period in question. (#39-1 at p.2) Based on his investigation, Defendant Garcia recommended that Mr. Waller receive a disciplinary for deliberately giving false information or falsely accusing another in the course of an official investigation. (#39-1 at p.3)

On June 23, 2011, Defendant Garcia completed an incident report for Mr. Waller, which was approved by Major Budnik and Deputy Warden Page. (#39-1 at p.3) The disciplinary was dismissed by the hearing officer because the charging time of the disciplinary did not correspond to the charges made in the body of the disciplinary. (#39-2 at p.9; #39-2 at p.12; #39-3 at p.15) Mr. Waller did not receive any punishment as a result of the disciplinary at issue. (#39-1 at p.3)

Mr. Waller provided his version of the events giving rise to this lawsuit during his deposition. He explained that, although Corporal Hennessey (not a party to this lawsuit) was supposed to be monitoring housing five on the date in question, he was not. Mr. Waller also stated that there was not any officer monitoring this housing unit from approximately 4:30 p.m. until 6:00 p.m. on June 21, 2011. (#39-3 at pp.28-30) He contradicted his own testimony, however, and admitted that Officer Tims came through this housing unit at least "a couple of times" during the time period at issue. (#39-3 at p.27)

During his deposition, Mr. Waller also explained that he sued Defendant Maples because he failed to protect Mr. Waller from the alleged retaliation. (#39-3 at p.41) In response to the Defendants' summary judgment motion, Mr. Waller explained further that Maples "'tacitly authorized' the retaliatory disciplinary by Garcia and refused to discipline Garcia for the violation of ADC regulations." (#46 at p.24) Mr. Waller's retaliation claim cannot go forward.

To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The test for determining whether there was a threat of retaliation is whether a defendant's acts or statements, "would chill a person of ordinary firmness from continuing in the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (2004)).

Here, Mr. Waller's primary complaint appears to be that Corporal Hennessey was not performing his job on the date in question. He suggests that Defendant Garcia attempted to cover up his conduct by disciplining Mr. Waller after somehow tricking him into signing the affidavit. Unfortunately for Mr. Waller, his unsubstantiated claim fails.

First, even assuming that Mr. Waller engaged in protected activity, he specifically testified that Defendant Garcia's actions would not deter him from writing any other grievances against any other ADC officer. (#39-3 at p.36) Moreover, Mr. Waller has not come forward with any evidence of retaliatory motive on the part of Defendant Garcia. His conclusory statements that Defendant Garcia engaged in a "fabricated investigation," "outright perjured himself," and "intended to misconstrue the evidence against Waller with intentional malic[e][,] trickery[,] and deceit" are insufficient to create a genuine dispute of material fact. (#46 at pp.7, 49)

The affidavit signed by Mr. Waller specifically stated that there were not any officers "on post in [h]ousing 5 from approx. 4:30 p.m. to 6:00 p.m." (#39-2 at p.4) These allegations were proven to be false by Defendant Garcia and Officer Shurika Brown. (#39-2 at p.18) Officer Brown specifically determined that on the date and time in question, ADC staff "were present in Housing 5 and did their security checks per policy. The longest time that staff (1-3 officers) were not present inside of the house was 10 minutes, which is not against policy." (#39-2 at p.18) The fact that Mr. Waller was found not guilty of the disciplinary at issue due to a technical error cannot save his claim; nor does it create a genuine issue of material fact on this claim.

Finally, Mr. Waller has failed to offer any evidence of retaliatory motive on the part of Defendant Maples. Accordingly, the Defendants are entitled to judgment as a matter of law on Mr. Waller's retaliation claim.

B.     Due Process

In response to the Defendants' summary judgment motion, Mr. Waller claims that Defendant Maples's alleged failure to investigate Defendant Garcia's conduct constitutes a due process violation. This allegation, even if true, does not state a constitutional claim. "Any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). As a result, this claim also fails.

IV.     **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#37) be GRANTED, and that Mr. Waller's claims be DISMISSED, with prejudice.

DATED this 6th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE